UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 12-60177-CIV-WILLIAMS

**JOEL JEAN BAPTISTE AND ODETTE JEAN BAPTISTE,** *et al.*,

        Plaintiffs,

vs.

**BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK N.A., AS TRUSTEE FOR MERRIL LYNCH FIRST FRANKLIN LOAN TRUST 2007-4**,

        Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

In a flawed attempt to obtain a monetary award, plaintiffs, Joel Jean Baptiste and Odette Jean Baptiste, claim Bank of America, N.A., as Successor by Merger to Lasalle Bank, N.A., as Trustee For Merril Lynch First Franklin Loan Trust 2007-4 (**BANA, as Trustee**), should be held accountable for the allegedly improper response by its loan servicer to a request for information about their mortgage loan owner. The Baptistes' complaint must be dismissed with prejudice because BANA, as Trustee cannot be liable for violating the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* (**TILA**) as alleged by the Baptistes. In fact, one Southern District Judge, Hon. Daniel T.K. Hurley, already rejected the exact TILA section 1641(f)(2) claim the Baptistes assert against BANA, as Trustee here in *Holcomb v. Federal Home Loan Mortgage Corporation*, No. 10-81186-CIV, 2011 WL 5080324 (S.D. Fla. Oct. 26, 2011). The result here should be the same.

## II. Factual Background

This direct action for damages for an alleged TILA violation arises from Mr. Baptiste's mortgage loan transaction originated by First Franklin Financial Corp. (**First Franklin**) in 2007. Mr. Baptiste executed a $246,500 promissory note in favor of First Franklin on April 27, 2007. Payment of the note is secured by a mortgage on property located at 1611 32nd Place, Pompano Beach, Florida 33064, executed by both Mr. and Mrs. Baptiste that same day.

The Baptistes filed a one-count complaint against BANA, as Trustee in state court seeking damages under 15 U.S.C. 1640(a) for the servicer's alleged violation of 15 U.S.C. 1641(f)(2). The Baptistes claim they sent a request for information for the mortgage loan owner to Bank of America (**BOA**) in its capacity as loan servicer, on or about November 2, 2010. (Complaint ¶ 9.) The Baptistes allege that on January 11, 2011, BOA improperly responded to the Baptistes' written request for information about the mortgage loan owner pursuant to 15 U.S.C. § 1641(f)(2) because while BOA identified the owner as "Merril Lynch First Franklin Loan Trust 2007-4," and provided the trust's address, BOA failed to include the telephone number. (Compl. ¶ 11-14).

The Baptistes allege BANA, as Trustee is vicariously liable for damages under 15 U.S.C. section 1641(f)(2) as a result of BOA's failure to properly respond. (Complaint ¶¶ 15-16, 18). They seek actual and statutory damages, along with attorney's fees and costs under section 15 U.S.C. § 1640(a). (Compl. ¶ 18.)

## III. Legal Background

The Baptistes' complaint must be dismissed with prejudice. The complaint fails to properly allege a plausible claim for relief under TILA section 1641(f)(2).

{23501957;1}                                                      2

A.   **Standard for Motion to Dismiss.**

This Court is required to grant a motion to dismiss when the movant fails to sufficiently plead facts that state a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("[P]laintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]") (alteration in original) (internal quotation marks omitted); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *Holcomb v. Fed. Home Loan Mortg. Corp.*, No. 10-81186-CIV, 2011 WL 5080324 (S.D.Fla. Oct. 26, 2011) ("Granting a motion to dismiss is appropriate when a complaint contains simply 'a formulaic recitation of the elements of a cause of action.'") (quoting *Twombly*, 550 U.S. at 555). To survive BANA, as Trustee's motion to dismiss, the Baptistes' complaint must contain more than "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts[.]" *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11 Cir. 2002).

The Baptistes' complaint is devoid of factual allegations supporting the Baptistes' claim against BANA, as Trustee under TILA section 1641(f)(2). This Court must grant BANA, as Trustee's motion to dismiss because, even if the Baptistes' allegations are taken as true, the complaint fails to state a plausible claim for relief.

B.   **No Vicarious Liability for Loan Owners Under TILA Section 1641(f)(2).**

The Baptistes' complaint fails as a matter of law. This Court cannot find BANA, as Trustee liable under 15 U.S.C. § 1640(a) for the loan servicer's alleged violation of 15 U.S.C. § 1641(f)(2).

The Baptistes allege BOA, in its capacity as servicer, failed to properly respond to their request for information about the mortgage loan owner as required under 15 U.S.C. §1641(f)(2),

and that BANA, as Trustee, as creditor, should be held vicariously liable under 15 U.S.C. § 1640(a) for the servicer's failure to respond.  (*See* Complaint at ¶¶ 16, 18.)

> Pursuant to 15 U.S.C. § 1641(f)(2):
>
> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

15 U.S.C. 1641(f)(2).  Regardless of BOA's obligations as servicer under 15 U.S.C. § 1641(f)(2), BANA, as Trustee, cannot be liable for damages under 15. U.S.C. § 1640(a) for a violation of 15 U.S.C. § 1641(f)(2) by its loan servicer.  *See Holcomb,* 2011 WL 5080324.

In *Holcomb*, Judge Hurley addressed the same issue and held the loan owner cannot be liable under 15 U.S.C. § 1640(a) for the servicer's failure to respond to a borrower's request for loan ownership information made pursuant to 15 U.S.C. § 1641(f)(2).  *See Holcomb*, 2011 WL 5080324, at *7.  Judge Hurley held that loan owners "cannot be liable under § 1641(f)(2) for [the servicer's] failure to respond to Borrowers' request." *Id.*

Judge Hurley analyzed Congress' approach, "which has not been to apply agency principles to TILA but rather to add provisions imposing an affirmative duty on transferees— including assignees—to notify borrowers in writing of the transfer."  *Holcomb*, 2011 WL 5080324, at *6 (citing 15 U.S.C. § 1641(g)).  "Added as part of the 2009 amendments to TILA, [15 U.S.C.] § 1641(g) provides that 'the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . . .'" *Id.* (quoting 15 U.S.C. § 1641(g)). "This approach ensures access to information without increasing the risk that some lenders [sic] would use information requests under (f)(2) as a means to 'gain leverage rather than an attempt to

{23501957;1}  4

gain information.'" *Id.* (quoting *In re Carlton*, 2011 WL 3799885 (Bankr. N.D. Ala. Aug. 6, 2011) (questioning use of TILA provisions for leverage rather than information)).

Judge Hurley acknowledged that Congress did not intend to add agency principles to TILA, and held that loan owners cannot be liable for servicer's alleged failures:

> the Court declines to expand liability for violations of § 1641(f)(2) beyond that indicated by the text of the statute and thereby increase the risk that lenders [sic] might "convert TILA from a shield protecting consumers into a sword allowing them to strike lenders who have followed the statute and its regulations as closely as logic permits" by making improperly motivated requests for information.

*Holcomb*, 2011 WL 5080324, at *7 (quoting *Hefferman v. Britton*, 882 F.2d 379, 382 (9th Cir. 1989)).  Additionally, Judge Hurley noted that "even if vicarious liability did apply . . . it remains unclear what liability would transfer given that [servicer] itself bears no liability under the facts alleged." *Id.*

The same reasoning applies here.  The Baptistes expressly seek to hold BANA, as Trustee liable under agency principles.  (Compl. ¶¶ 15-16.)  If the owner of the Baptistes' note changed, 15 U.S.C. § 1641(g) provides for the new owner to notify the Baptistes of the change. *Holcomb* is factually identical to the matter before this Court.  The Baptistes are attempting to do what the *Holcomb* court specifically identified as its fear—that a consumer would use TILA as a sword, rather than a tool to obtain information.  This is not allowed.

## IV. CONCLUSION

The Baptistes cannot allege any set of facts that could impose liability on BANA, as Trustee pursuant to 15 U.S.C. 1640(a) for the loan servicer's alleged violation of 15 U.S.C. 1641(f)(2). The Baptistes' complaint should be dismissed entirely and with prejudice.

Respectfully submitted,

s/ Jason P. Bichsel_____
William P. Heller
Florida Bar No. 987263
e-mail:  william.heller@akerman.com
Jason P. Bichsel
Florida Bar No. 88954
email:  jason.bichsel@akerman.com
**AKERMAN SENTERFITT**
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida  33301
Telephone: (954) 759-8945
Facsimile:  (954) 463-2224
*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8, 2012, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF electronic filing system which will automatically send a copy to all counsel of record in this case registered on the CM/ECF system, including: Yechezkel Rodal, Esq., Loan Lawyers, LLC,  377 North State Road 7, Suite #202, Plantation, Florida 33317.

s/ Jason P. Bichsel_____
Jason P. Bichsel